# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BILLY JACK THOMPSON, ) | CASE NO. 4:12 CV 2659 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Billy Jack Thompson seeks judicial review of the final decision of Defendant Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income dating back to September 2, 2005. The matter was referred to Magistrate Judge Burke for issuance of a briefing schedule and preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(1) ("R&R").

Pending before the Court is the Magistrate Judge's R&R, recommending that the Court affirm the Commissioner's decision. (**Doc #: 13**.) Plaintiff has filed an objection challenging the Magistrate Judge's findings that the Administrative Law Judge ("ALJ") properly applied the treating physician rule, properly evaluated Mr. Thompson's credibility, and relied on appropriate vocational expert testimony. (Doc #: 14.) The Commissioner has responded to that objection, contending that those objections basically reiterate the arguments Plaintiff advanced in his brief on the merits. (Doc #: 15.)

**I.**

A claimant is considered "disabled" under the Social Security Act if he meets two requirements.

> First, he must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§423(d)(1)(A). Second, the impairment must be severe enough that he is unable to do his previous work and cannot, based on his age, education, and work experience, "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). If the plaintiff cannot perform his past work, the burden shifts to the Commissioner to show that, considering the plaintiff's age, education, work experience, and residual functional capacity, the plaintiff is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

*Branon v. Commissioner of Social Sec.*, — Fed.Appx. —, 2013 WL 5452177, at *2 (6th Cir. Oct. 2, 2013). The district court must review the Commissioner's final decision (here, the decision of the ALJ) to determine whether substantial evidence exists in the record to support the decision, and was made pursuant to the proper legal standards. *Id.* at *1.

The record shows that Thompson has long suffered from psychiatric illnesses (Bipolar Disorder II, panic attacks and, more recently, agoraphobia) for which he has taken a multitude of psychotropic, anticonvulsant, and other medications. The record also shows that Thompson has long suffered from chronic shoulder pain stemming from the resection of his distal left clavicle following a sports injury in the Navy. Although his rotator cuff is not torn, it appears there is no surgery that can relieve his pain; consequently, he is relegated to taking cortisone injections and a variety of painkillers (some he can no longer take due to side effects) to relieve his pain. Thompson also suffers from hypertension, coronary artery disease, sleep apnea and obesity. The

crux of his claimed disability involves his depression, panic attacks, and chronic shoulder pain – which conditions exacerbate each other and all of which are treated with varying concoctions of medications often associated with problematic side effects.

None of Thompson's treating physicians or nurses opined that Thompson can work. Indeed, they concluded that he cannot engage in full-time competitive employment due to his marked inability to work with co-workers or the public, to take instruction and maintain focus on tasks over extended periods of time, and to complete a normal workweek without interruptions from psychologically based symptoms. They agree that he would require frequent unscheduled breaks during the workday and that he would miss *at least three work days a month* due to his mental and physical symptoms and low threshold for stress.

The ALJ credited some of their conclusions, but not all of them. The heart of the opinion is the ALJ's finding that Thompson is not credible concerning the intensity, persistence and limiting effects of his symptoms. In so finding, the ALJ cited the following:

1. Thompson did not work regularly and consistently as an adult during periods of good health.

2. When Thompson did work regularly as a construction worker, he received his wages in cash and did not pay income taxes. This raises questions about Thompson's integrity which undermines the credibility of his allegations.

3. Thompson has declined recommended treatment and failed to keep scheduled appointments. The record shows that when he is compliant with his treatment regimen, his symptoms are managed rather effectively.[1]

---

[1] Although credibility determinations are within the province of the ALJ, this last finding is problematic given that non-compliance with treatment is frequently a symptom of mental disability rather than an indication that a claimant's limitations are not as severe as alleged. *See, e.g., Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."). *See also Pate-Fires v. Astrue*, 564 F.3d 935, 945-46 (8th Cir. 2009); *Jelinek v. Astrue*, 662 F.3d 805, 814 (7th Cir. 2011).

The ALJ posed a hypothetical to the vocational expert that, among other things, acknowledged that Thompson would miss one work day a month due to his symptoms.  The expert found that Thompson would still retain the residual functional capacity to do light work with certain physical and workplace restrictions.  The expert made clear, however, that no employer would tolerate an employee missing more than one day a month due to mental and/or physical symptoms.  (Doc #: 10 at 65.)  Having discounted Thompson's credibility, the ALJ concluded that Thompson retained the residual functional capacity to do light work with certain restrictions.

The Court has reviewed the hearing transcript which shows that, while the ALJ was questioning Thompson about the symptoms, frequency and duration of his panic attacks, he began experiencing symptoms of a panic attack and requested a "quick break."  (Doc #: 10, at 58.)  After the break, counsel informed the ALJ that Thompson was so upset that he vomited and was unable to return to the hearing.  (Id. at 59.)  However, Thompson permitted his lawyer to continue the hearing without him.  (Id.)

There is nothing in the ALJ's opinion about this episode, which is astounding.  If Thompson was faking or exaggerating his symptoms, it would support the ALJ's adverse credibility findings.  On the other hand, if Thompson really had a severe panic attack and could not continue his testimony, that supports his contentions about the frequency and severity of the attacks and supports his treating professionals' conclusion that he could not work.  Since the ALJ did not probe further or direct any investigation, there is no way to determine anything at this time about Thompson's condition nearly three years ago (the hearing was held on January 31, 2011).  On this record, it is impossible to determine whether substantial evidence exists in the

record to support the ALJ's decision and, in particular, her adverse credibility findings. *Branon*, 2013 WL 5452177, at *1.

### III.

Accordingly, the Court **REMANDS** this case to the Commissioner so that Thompson's credibility, and his treating professionals' findings regarding his limitations, can be assessed anew by a different ALJ. Of course, Thompson will need to provide updated reports on his condition over the past several years for the ALJ's review.

**IT IS SO ORDERED.**

         */s/ Dan A. Polster    December 27, 2013*
         **Dan Aaron Polster**
         **United States District Judge**

Case: 4:12-cv-02659-DAP  Doc #: 16  Filed:  12/27/13  6 of 6.  PageID #: 1580